IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL DON MOLL, <br><br> Plaintiff, <br><br> v. <br><br> DES DELGATO, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER OF DISMISSAL** <br><br> Case No. 2:22-cv-00818-CMR <br><br> Magistrate Judge Cecilia M. Romero |

## I.  BACKGROUND

On December 29, 2022, *pro se* Plaintiff Michael Don Moll (Plaintiff) filed his Complaint against Des Delgato and nine other Defendants (Defendants) (ECF 2). On December 30, 2022, the court granted Plaintiff's request to leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (the IFP Statute) (ECF 3). On May 5, 2023, the court issued an Order granting Plaintiff leave to file an amended pleading addressing the failure to adequately plead a plausible claim (Order) (ECF 7). The court warned Plaintiff that dismissal of the Complaint would be proper if it would be futile to give Plaintiff another opportunity to amend (*Id.*). On June 20, 2023, Plaintiff filed an Amended Complaint (ECF 8). The Order stated that the Amended Complaint be filed by June 5, 2023 (*see* ECF 7 at 2, 5). But there was an error in the docketing of the case that appeared to grant Plaintiff until June 25, 2023, to file the Amended Complaint. This error has now been fixed (*see* ECF 7). Despite the Amended Complaint being untimely, the court considers the Amended Complaint as the clerical error could have raised confusion for Plaintiff.

Upon review, Plaintiff's Amended Complaint (ECF 8) fails to remedy the deficiencies

1

of his original pleading. As outlined in the Order, Plaintiff's Amended Complaint again only loosely makes claims of grand theft, larceny, and stolen intellectual property. Plaintiff's allegations are conclusory and lack "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Because Plaintiff failed to remedy the deficiencies, the court dismisses the action.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute). This court may dismiss actions *sua sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority to clear "their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In determining whether dismissal is appropriate, the court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

Here, nearly all factors weigh in favor of dismissal. Although Plaintiff filed an Amended Complaint, Plaintiff failed to meaningfully respond to the directives in the Order to amend his pleading despite a clear warning from the court that this case could be dismissed for failure to comply. In its Order, the court noted that the Complaint was deficient because Plaintiff failed

to allege facts showing that this court had jurisdiction over the case as Plaintiff has not cited to any specific constitutional clause or federal statute creating a cause of action or failed to address the citizenship of the parties in the Complaint (ECF 7 at 1). In the Amended Complaint, Plaintiff clarifies that he is bringing a federal question lawsuit, but once again does not assert anything other than grand larceny and theft as presumed causes of action (ECF 8 at 3). No specific statutes are invoked by Plaintiff again, and Plaintiff does not have a private cause of action as to the offenses alleged. *See Lopez v. Compa Indus. Inc.*, No. 1:23-CV-00303-LF, 2023 WL 2973963, at *3 (D.N.M. Apr. 17, 2023) (holding that the federal larceny and wrongful appropriation statute does not provide a private cause of action); *Gartin v. Spyderco*, Inc., No. CIV.NO. 95-B-1747, 1997 WL 1037883, at *11 (D. Colo. Aug. 13, 1997) (holding that a grand theft offense does not provide a private cause of action). Plaintiff has thus failed to show how this court has jurisdiction over his claims. Plaintiff's failure to move this matter along by following the court's directives in amending his pleading interferes with the judicial process. While there is lesser culpability in failing to properly prosecute this matter due to his pro se status, there appears to be no effective lesser sanction, and there would be little to no actual prejudice to Defendant having not yet been served. Considering these factors, the court finds that this case warrants dismissal.

Even assuming Plaintiff has somehow properly alleged federal question jurisdiction, Plaintiff's allegations are nothing more than conclusory and lack enough facts to state a claim to relief that is plausible on its face. Another opportunity to amend the Complaint is therefore futile.

### III.  CONCLUSION AND ORDER

Based on Plaintiff's failure to properly comply with the Order, the court hereby **DISMISSES** this case without prejudice.

DATED this 4 December 2023.

                                                                      */s/ Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah